**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

ANABELLE  EXCLUSA GREEN

ANGEL MANUEL RIVERA LOPEZ

CASE NO. 12-00337 BKT

Chapter 13

XXX-XX-5483

XXX-XX-8375

**FILED & ENTERED ON 06/27/2012**

**Debtor(s)**

### Opinion & Order

Before the Court is the Chapter 13 Trustee's (the "Trustee") Objection to Exemptions (the "Objection") (Dkt No. 12), Debtors' response to the Objection (Dkt No. 13), and the Trustee's memorandum of law in support of the Objection (Dkt No. 30).  The Trustee argues that under the Puerto Rico Home Protection ActNo. 195, enacted on September 13, 2011 (in Spanish titled "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar", referred to herein as the "PR Home Protection Act"), the homestead exemption claimed by Debtors is inapplicable to bankruptcy cases.  Therefore, the Trustee requests that Debtors'claim for exemptions under the PR Home Protection Act be disallowed.  For the reasons set forth below, the Objectionto Exemptions is granted and Debtors' claim for homestead exemption pursuant to thePR Home Protection Act is denied.

### I. Factual Background

Debtors, AnabelleExclusa Green and Ángel Manuel Rivera López, filed a voluntary petition under the provisions of Chapter 13 of the Bankruptcy Code on January 23, 2012 (Dkt No. 1).  Debtors listed their primary residence in Schedule C with a value, as of the date of the filing of the petition, of $87,500.00. (Dkt. No. 1, p. 27).As it appears from the Schedules, said property is not encumbered with any mortgage liens.  Debtors claim a homestead exemption over

their primary residence for the totality of the valueof the property, pursuant to the PR Home Protection Act.  (Dkt. No. 1, p. 27).

The Trustee argues that the recent PR Home Protection Act is inapplicable to bankruptcy cases, and, as such,Debtors'homestead exemption must be disallowed. (Dkt No. 12). The Trustee mainly relies on the specific waivers to the homestead exemption that the PR Home Protection Act incorporates in its Article 4.  (Dkt No. 30).

**II.       Discussion and analysis**

Under Section 541 of the Bankruptcy Code, all of Debtors' assets become property of the bankruptcy estateupon the filing of the bankruptcy petition. This, however, is subject to Debtors' right to reclaim certain property as exempt under Section 522.  11 U.S.C. § 522.

Article 4 of the PR Home Protection Act provides that the homestead protection is unwaivable, except in those circumstances expressly enumerated in said article.  Applicable to this case, Article 4(b)provides that the homestead protection is waived in those cases where the Bankruptcy Code is applicable. Thus, by its plain terms, the protections of the PR Home Protection Act are exclusiveofthe exemptions afforded by the BankruptcyCode.  Pursuant to Article 4of the PR Home Protection Act, when Debtors filed for bankruptcy, they automatically waived the homestead protection provided therein.SeeIn re Hernández,--B.R. --,2012 WL 1255126*3 (Bkrtcy.D.Puerto Rico, Hon. E. Lamoutte).

**III.      Conclusion**

For the reasons set forth herein, the Trustee's Objection to Exemptions is granted.

IT IS SO ORDERED.

San Juan, Puerto Rico this 27 day of June, 2012.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**CC:   DEBTOR(S)**
**JESUS  SANTIAGO MALAVET**

**ALEJANDRO  OLIVERAS RIVERA**